FILED

**NOT FOR PUBLICATION**

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  LORECE WRIGHT,<br><br>        Debtor.<br>_____<br><br>ANTHONY WRIGHT, Sr.,<br><br>        Appellant,<br><br>  v.<br><br>BAYVIEW LOAN SERVICING, LLC; et al.,<br><br>        Appellees. | No. 14-56854<br><br>D.C. No. 2:11-cv-10267-CAS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 27, 2016[**]

Before:      TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Anthony Wright, Sr., appeals pro se from the district court's order affirming the bankruptcy court's grant of summary judgment in favor of defendants. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005), and we affirm.

The district court properly granted summary judgment because Wright failed to raise a genuine dispute of material fact to support his state law claims. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 1999) (an appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law).

Contrary to Wright's contention, Wright consented to the bankruptcy court's jurisdiction. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1942 (2015) (litigants may consent to adjudication by a bankruptcy court; consent may be express or implied); *see also Roell v. Withrow*, 538 U.S. 580 (2003) (inferring consent prevents a party from challenging jurisdiction after unfavorable rulings).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider Wright's motion for reconsideration filed August 29, 2016 because, in its August 26, 2016 order, this court expressly stated that no motions for reconsideration of that order would be entertained.

**AFFIRMED.**